IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ERIC BAISDEN**                                                                                    **PLAINTIFF**

V.                                                   CIVIL ACTION NO. 5:24cv21-DCB-BWR

**JACKIE'S INTERNATIONAL, INC.**                                                    **DEFENDANT**

## COMPLAINT

Eric Baisden was hired to work as a front desk clerk at the Holiday Inn Express in Brookhaven, Mississippi on April 25, 2022. During his shift on April 27, 2022, Plaintiff informed the General Manager, Tara McCormick, that he suffers from episodes of vertigo which may require him to periodically sit down, and which subside with no further treatment. Plaintiff was fired by Ms. McCormick at the beginning of his next shift because the employer regarded him as disabled, and was concerned that if he fell at the front desk and injured himself, the employer would then be liable for his injuries. This was unlawful. For these reasons, COMES NOW THE PLAINTIFF, and alleges as follows:

PARTIES

1. Plaintiff is an adult resident of the State of Mississippi.

2. Plaintiff is a former "employee" as defined by Title 1 of the Americans with Disabilities Act of 1990, as amended ("the ADA").

3. Defendant, Jackie's International, Inc. ("Defendant"), is a corporation duly authorized to do business in the State of Mississippi.

4. Defendant is an "employer" as defined by the ADA. Defendant manages the Holiday Inn Express in Brookhaven, Mississippi, and employed Plaintiff.

5. Defendant may be served via its Registered Agent, S. L. Sethi, at 1554 West Peace Street, Canton, Mississippi 39046.

## JURISDICTION, VENUE AND JURY DEMAND

6. Jurisdiction is proper in this honorable Court under 28 U.S.C. § 1331 because this claim arises under federal law, specifically the ADA.

7. Venue is proper in this honorable Court under 28 U.S.C. § 1391 because all work at issue was located in and around Lincoln County, Mississippi.

8. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("the EEOC") on June 29, 2022, concerning the allegations in this Complaint (Exhibit 1).

9. This charge concerns the discrimination, failure to accommodate and retaliation leading up to his wrongful termination on April 28, 2022.

10. The charge was filed within one hundred eighty (180) days of the events at issue here.

11. Plaintiff obtained a notice of right to sue from the EEOC on January 23, 2024 (Exhibit 2).

12. Plaintiff is filing this Complaint within ninety (90) days of receiving said notice of right to sue.

13. Plaintiff has timely and fully exhausted his all available administrative remedies.

14. Plaintiff demands a trial by jury on all issues so triable.

## FACTS

15. Plaintiff was hired on April 25, 2022, to work the front desk at Holiday Inn.

16. On April 27, 2022, Plaintiff informed Holiday Inn's General Manager, Ms. Tara McCormick, that he suffers from bouts of vertigo which may require him to sit down periodically throughout the day. Plaintiff assured Ms. McCormick that no additional accommodations would be needed to treat any future episodes of vertigo.

17. Ms. McCormick asked Plaintiff if he needed to sit down after he informed her of his vertigo. Plaintiff responded that he was notifying her that he had vertigo so his coworkers knew how to respond in the event he had an episode at work, not because he was currently dizzy.

18. During a flare up or episode, Plaintiff's vertigo substantially interferes with major life activities including, but not limited to, performing manual tasks, eating, sleeping, walking, standing, lifting, bending, learning, reading, concentrating, thinking, and working.

19. This condition is a disability under the ADA.

20. Ms. McCormick and Holiday Inn's Assistant Manager, Ms. Chris Haley, met with Plaintiff shortly after his shift began on April 28, 2022, telling him that Holiday Inn was terminating his employment. Ms. McCormick told Plaintiff that he was being fired because his tone was passive-aggressive, he was not performing tasks up to standard and they were concerned that if Plaintiff fell while working at the front desk, the company would be liable for any injuries received.

21. The alleged passive-aggressive tone and performance issues were false and a pretext to support discrimination against Baisden.

22. Plaintiff performed as well as could reasonably be expected of an employee in their third day of training on the job.

## CAUSES OF ACTION

### COUNT I:  DISCRIMINATION UNDER THE ADA

23. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

24. Under the ADA, Defendant is prohibited from discriminating against an employee because of that employee's disability.

25. Under the ADA, Defendant is prohibited from discriminating against an employee because of that employee's record of disability.

26. Under the ADA, Defendant is prohibited from discriminating against an employee because that employee is "regarded as" being disabled.

27. Here, Defendant terminated Plaintiff because of Plaintiff's disability, record of disability and/or being regarded as disabled.

28. With these discriminatory actions, Defendant violated the law.

29. In doing so, Defendant harmed the Plaintiff.

### COUNT II:  FAILURE TO ACCOMMODATE UNDER THE ADA

30. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

31. Under the ADA, Defendant is required to engage in an interactive process with an employee who requests reasonable accommodation for a disability as defined in the ADA.

32. Here, Plaintiff requested reasonable accommodation.

33. Defendant failed to engage Plaintiff in an interactive process and assumed he could not perform his job without accurately assessing his condition or considering accommodations properly.

34. By doing so, Defendant violated the law.

35. In doing so, Defendant harmed Plaintiff.

## COUNT III: RETALIATION UNDER THE ADA

36. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

37. Under the ADA, Defendant is prohibited from discriminating against an employee because of that employee's engaging in protected activity.

38. Protected activity includes making a request for reasonable accommodation.

39. Here, Plaintiff asked for a reasonable accommodation when he asked to be allowed to sit down when experiencing symptoms of vertigo.

40. Defendant terminated Plaintiff in retaliation for his request for reasonable accommodation.

41. With this retaliatory action, Defendant violated the law.

42. In doing so, Defendant harmed Plaintiff.

## REMEDIES

43. Plaintiff seeks all remedies available, including, but not limited to, the following:

   a. Back pay;

   b. Reinstatement and/or front pay, as appropriate;

   c. Liquidated damages;

   d. Compensatory damages for emotional distress and any other non-pecuniary harms flowing from Defendant's unlawful actions;

   e. Consequential damages and any other pecuniary harms flowing from Defendant's unlawful actions;

   f. Punitive damages commensurate with the misconduct and necessary to deter future violations of the law;

   g. Nominal damages if no other damages are available;

  h. Pre- and post-judgment interest;

  i. Attorney fees;

  j. Costs;

  k. An injunction curing Defendant's unlawful actions and prohibiting any future similar actions;

  l. Notice given to all employees regarding the violations found by this Court, and notifying such employees of the order entered proscribing any future similar violations;

  m. Any other equitable relief as this honorable Court deems appropriate;

  n. A final judgment declaring that Defendant's treatment of Plaintiff was unlawful; and/or

  o. Any other relief available under any applicable principle of law or equity.

THIS, the 5th day of March, 2024.

            Respectfully submitted,

            ERIC BAISDEN

            By: /s/ Joel F. Dillard
               Joel F. Dillard (MSB No. 104202)
               Joel F. Dillard, P.A.
               775 North Congress Street
               Jackson, Mississippi 39202
               (601) 509-1372, ext. 2
               joel@joeldillard.com